## Krisanosky v. New Holland Borough

*Shirk, Reist & Buckwalter,* for appellant.
*Rengier, Musser & Stengel,* contra.

BUCHER, J., January 18, 1974.—This is a motion to quash an appeal in a zoning case. The question for determination involves the interpretation of the various sections of Article X (Appeals) under the Pennsylvania Municipalities Planning Code (code), of July 31, 1968, P. L. 805, art. 1, sec. 101, et seq., 53 PS §10101, et seq. Stated succinctly, the question is

whether appellant should have proceeded under section 11007 of said act or whether he properly proceeded under section 11006(3)(b) of said act.

The court concludes that appellant was bound by the provisions of section 11007 as a person aggrieved and that he does not come within the appeal provision of section 11006(3)(b) as a party aggrieved. Accordingly, the appeal must be quashed.

A brief history of the case is as follows: One Carlos R. Leffler, Inc. (Leffler) was granted a variance by the Zoning Hearing Board of New Holland (board) permitting erection of a 40-feet-high bulk oil storage tank on Leffler's property. Appellant, an adjoining landowner, appeared before the board as a protestant and subsequently appealed the board's decision to this court.

Section 11006 of the code reads, in part, as follows: "(1) A landowner who desires to file a zoning application or to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which prohibits or restricts the use or development of land in which he has an interest on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall proceed as follows:

"(3) (a) Appeals to court may be taken by the landowner from any decision of the governing body or planning agency under subsections (1) (a) and (1) (b), by appeal filed within thirty days after notice of the decision is issued or, if no decision is made, thirty days after the date when a decision is deemed to have been made under this act.

"(b) Appeals to court from any decision of the zoning hearing board may be taken by any party aggrieved by appeal filed within thirty days after notice of the decision is issued."

Section 11007 of the code reads as follows:

"Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board under sections 909 and 915. The submission shall be governed by the provisions of section 1005.

"Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than thirty days after notice of the decision is issued."

The code makes a clear distinction between "parties aggrieved" and "persons aggrieved" and provides distinct procedures for taking appeals.

The court holds that section 11006 provides appellate procedures for landowners and other parties aggrieved and that section 11007 provides appellate procedures for "persons aggrieved by a use or development permitted on the land of another."

The code does not define the phrases "party aggrieved" and "persons aggrieved" in so many words nor has the court been referred to any cases under the code defining these phrases. Suffice it to say that appellant does not own or lease or have any other property interest in the land in question. He appeared as a protestant which in itself cannot make him a "party aggrieved."

And now, January 18, 1974, for the foregoing reasons the motion to quash the appeal is granted and the appeal is quashed.